**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS W.S. RICHEY, | No. 12-35534 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00528-JLR |
| v. | |
| K BUILE, Mailroom Guard, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| KAREN BURKE; TODD FREDERICKSON, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Thomas W.S. Richey appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment violations in connection with the rejection and disposal of his incoming mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Richey's First Amendment claim because Richey alleged facts showing that defendants' handling of his mail was reasonably related to legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests"); *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999) (in light of concerns about preventing the sexual harassment of prison guards and other inmates, prison officials may prohibit receipt of sexually explicit materials); *cf. Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995) (per curiam) (prison officials articulated a legitimate penological interest in preventing the dissemination of outgoing mail containing dangerous or offensive substances). Moreover, contrary to Richey's contention, defendants' alleged failure to follow prison policy does not establish a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

2                                                                 12-35534

The district court properly dismissed Richey's retaliation claim because Richey failed to allege facts showing that the rejection and destruction of his mail was because of defendants' retaliatory motives and advanced no legitimate penological interest. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (elements of retaliation claim in the prison context); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Richey's due process claim alleging unauthorized deprivation of his property because Richey has an adequate post-deprivation remedy under Washington state law. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (no due process claim for unauthorized deprivation of property where state provides adequate post-deprivation remedy).

The district court properly dismissed Richey's claim alleging that he was denied the right to appeal the decision to confiscate his mail because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED.**

12-35534